Case 3:15-cv-00338   Document 53   Filed on 11/03/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:15-0338

RICHARD ANTHONY HEROD, PETITIONER,

v.

BOBBY LUMPKIN, RESPONDENT.

## ORDER FOR SUPPLEMENTAL BRIEFING

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The petitioner, Richard Anthony Herod, seeks federal habeas relief and raises nine claims. Because the respondent's briefing has not adequately addressed the issues necessary to the court's resolution of Herod's claims, the respondent will be ordered to submit supplemental briefing as detailed below.

In 2012, Herod was convicted of aggravated robbery at the home of Ronnie and Alissia Gallagher and aggravated assault of Alissia Gallagher. At trial, the prosecution relied on evidence that included the following: testimony from Ronnie Gallagher; testimony from Holly Kelly, the mother of Herod's son, who was present on the night of the crime and at the time of Herod's arrest; expert

testimony from a DNA analyst who stated that Herod's DNA could not be excluded from the sample collected from a white shirt used to blindfold Ronnie Gallagher during the crime; two cell phones recovered from Herod's truck at the time of his arrest, along with data that tracked the phones' movement from Herod's home to the Gallaghers' home on the day of the crime; and, testimony that Herod had swallowed the SIM cards from the two phones while in a detective's office.

In Herod's first state habeas proceeding, filed in 2015, he brought seven claims for relief. The trial court issued findings of fact and conclusions of law and the Court of Criminal Appeals denied habeas relief without written order on the trial court's findings. Herod then filed the petition in this case.

In 2018, with leave of this court, Herod returned to state court and filed a second state habeas application that brought four claims. In 2019, the trial court issued findings of fact and conclusions of law that recommended denial of three claims and dismissal of the fourth claim as procedurally barred. The Court of Criminal Appeals dismissed the application as subsequent.

Herod then returned to this court and filed an amended petition with nine claims that challenge most of the prosecution's evidence against him:

- Claim 1: DNA Evidence. Herod claims that the prosecution violated his due-process rights because its expert testified falsely when she stated that Herod could not be excluded from the DNA evidence on

the blindfold. Herod raised this claim in his second state habeas proceeding.

- Claim 2: Actual Conflict. Herod claims that his trial counsel had an actual conflict of interest because he represented George Sanford in a civil matter that was related to the criminal proceedings against Herod and failed to present Sanford's testimony at Herod's trial. He raised this claim in his both state habeas proceedings.

- Claim 3-9: Ineffective Assistance of Counsel. Herod claims that his trial and appellate counsel were constitutionally ineffective. He raised Claims 3-8 in his first state habeas proceeding. He raised Claim 9 in his second habeas proceeding.

    - Claim 3: Confidential Informant. Herod claims that his trial counsel failed to secure a ruling on his pre-trial motion to require disclosure of the confidential informant and additionally failed to interview the informant, therefore depriving Herod of evidence that could have been used to impeach Ronnie Gallagher.

    - Claim 4: Herod claims that his trial counsel was ineffective because he failed to preserve a *Brady* issue.

    - Claim 5: Herod claims that his trial counsel was ineffective because counsel failed to properly interview and present four witnesses who could have impeached testimony from Ronnie Gallagher and Holly Kelly.

    - Claims 6 & 7: Herod claims that his trial counsel was ineffective because he did not move to suppress the cell phones recovered from Herod's truck (Claim 6) and did not call witnesses in support of suppression of the phones (Claim 7), depriving Herod of evidence that someone other than Herod had set up the phones and that the phones had been planted in his truck.

    - Claim 8: Herod claims that his appellate counsel was ineffective because he failed to raise a sufficiency-of-the-

      evidence claim on direct appeal.

- Claim 9: Herod claims that his trial counsel was constitutionally ineffective when he failed to impeach Detective Robles's testimony that Herod had swallowed the SIM cards from the cell phones recovered from Herod's truck and further states that his current counsel is in possession of one SIM card.

Herod argues that this court should review Claim 1, Claim 2, and Claim 9 *de novo*.

The respondent argues that all of Herod's federal claims are procedurally barred, Dkt. 48, despite the fact that Herod raised many of the claims in his first state habeas proceeding. He does not engage many of Herod's arguments regarding the standard of review, cause and prejudice for procedural default, and the merits of his claims. Additionally, the respondent's initial answer filed in 2017 did not fully address some of Herod's claims, particularly Claim 3, Claim 5, and Claims 6 & 7.

The respondent is directed to file supplemental briefing addressing the issues below. For Questions 1 and 2, the respondent must address each of Herod's nine claims <u>separately</u>:

1. What standard of review should this court apply to the claim?

    a. Is *de novo* review appropriate?

    b. If Herod has argued the cause and prejudice standard for defaulted claims, has he shown (1) cause and (2) prejudice?

    c. Does this court owe deference under 28 U.S.C. § 2254 to a state-court determination? If so, identify the determination to which deference is due and the date that the determination issued.

    d. How does the Court of Criminal Appeals' dismissal of Herod's second application as subsequent affect the standard of review?

2. Address the merits of Herod's habeas claim.

3. Address the cumulative prejudice of all claims, including Claim 1 (DNA), Claim 2 (actual conflict), and Claims 3-9 (ineffective assistance of counsel).

Herod may file a response. In addition to addressing the respondent's arguments, Herod should address the following:

4. Herod's briefing states that (a) the account for the phone found in Herod's truck was established 11 days after Alissia Gallagher's phone account was established, (b) both phones were registered to the same address, (c) the account holder for both phones had the same birthday, and (d) the account holder for both phones gave the same contact phone number. If Herod relies on these facts, he is directed to provide specific citations to the record for each contention.

5. If Herod relies on the fact that he was shackled when Detective Robles returned two cell phones to Herod, he is directed to provide a citation to the record supporting his contention.

The following additional instructions apply to both parties:

6. The parties are directed not to renumber the claims.

7. In the briefing for Claims 6, 7, and 9, the parties' briefing sometimes refers to one cell phone or SIM card and sometimes

to two phones or SIM cards.  Both parties are directed in the supplemental briefing to refer with precision to a "phone" or "phones" and to a "SIM card" or "SIM cards."

The respondent's briefing is due within 30 days of the date of this order. Herod's response is due within 30 days of the respondent's filing. The respondent may reply within 15 days.

The Clerk will provide a copy of this order to the parties.

Signed on Galveston Island this  3rd   day of  November         , 2022.

                                              JEFFREY VINCENT BROWN
                                              UNITED STATES DISTRICT JUDGE